UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOEL FRIED,                                          :
                                                     :        **REPORT AND**
                                    Plaintiff,       :        **RECOMMENDATION**
                                                     :
                 -against-                           :        24-CV-5674 (DG)(PK)
                                                     :
CITY OF NEW YORK,                                    :
                                                     :
                                    Defendant.       :
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Joel Fried brought this action against Defendant City of New York (the "City"),

alleging that the City deprived him of his due process rights under the U.S. and New York

Constitutions in violation of 42 U.S.C. § 1983. (Am. Compl., Dkt. 15.)  The City has filed a Motion

to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (City's Motion to

Dismiss ("Motion"), Dkt. 21; *see also* City's Memorandum in Support ("City Mem."), Dkt. 23;

Plaintiff's Memorandum in Opposition ("Pl. Opp."), Dkt. 24; City's Reply Memorandum ("City

Reply"), Dkt. 25.)  The Honorable Diane Gujarati referred the Motion to me for a report and

recommendation.  For the reasons stated herein, I respectfully recommend that the Motion be

granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff owns a six-unit rent stabilized residential building located at 374 Wallabout Street,

Brooklyn, New York 11206 (the "Building"), which was severely damaged by fire in 2018.  (Am.

Compl. ¶¶ 3, 9.)

In February 2019, several tenants of the Building filed a petition in the Housing Part of the

Civil Court of the City of New York, County of Kings ("Housing Court"), seeking appointment of

1

an administrator pursuant to Article 7A of the New York Real Property Actions and Proceedings Law ("RPAPL") to repair the Building.  (Am. Compl. ¶ 10.)

After a three-day trial, the Housing Court found that the Building's condition warranted the appointment of an administrator, and that Plaintiff did not establish any of the defenses provided by Article 7A.  (Decision and Order dated Dec. 6, 2019 ("Housing Court Decision") at 9-10, Ex. D5 to Horowitz Decl., Dkt. 22-5.)  The Housing Court then appointed Harold Tischler as administrator ("Administrator").  (Order and Judgment dated Dec. 19, 2019 ("Housing Court Judgment"), Ex. D7 to Horowitz Decl., Dkt. 22-7.)

The Housing Court Judgment authorized the Administrator to, *inter alia*: (1) collect all rents, (2) use the rents to remedy the conditions alleged in the petition and all violations on record with the HPD, (3) borrow funds from the HPD for repairs that are necessary to implement the objectives of the Housing Court Judgment, and (4) enter into contracts for repairs or services in accordance with the terms of the Housing Court Judgment.  (Housing Court Judgment ¶¶ 3-6.)  In addition, the Housing Court Judgment authorized the HPD to, "in its sole discretion . . . determine whether to make any such loan and the amount and terms thereof" (Housing Court Judgment ¶ 6(f)), and impose liens against the Building for any loans it issued to the Administrator.  (Housing Court Judgment ¶ 11.)

Plaintiff moved to set aside the Housing Court Decision and for a new trial, contending that the Housing Court erroneously precluded testimony regarding his economic impossibility defense. (*See* Decision on Motion to Set Aside, Ex. D11 to Horowitz Decl., Ex. 22-11.)  The motion was denied on November 18, 2020.  (*Id.*)

Plaintiff appealed the Housing Court Judgment to the Appellate Term of the Supreme Court of New York, Second Department, on December 19, 2019, but the appeal was dismissed on

February 22, 2022 for failure to timely perfect it.  (Order of Dismissal, Ex. D10 to Horowitz Decl., Ex. 22-10.)

On August 14, 2024, Plaintiff filed this action.  Plaintiff alleges that the City is liable under 42 U.S.C. § 1983 because the City's rules and regulations did not afford him any notice of or opportunity to object to approximately $880,000 in loans that the HPD issued to the Administrator, resulting in the imposition of liens on the Building.  (Am. Compl. ¶¶ 16-20.)  Plaintiff also seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that (1) the City violated his federal and state due process rights; (2) all liens imposed by the City on the Building are null and void; and (3) "the City's established rules and regulations governing loans made by the HPD to the [Administrator] are unconstitutional . . . ."  (Am. Compl. ¶ 37.)

The City filed the Motion on June 11, 2025 (Dkt. 21), seeking dismissal of the Amended Complaint on the grounds that, *inter alia*, the Court lacks subject matter jurisdiction, and Plaintiff fails to state a § 1983 claim.[1]  (*See* City Mem. at 9-13, 17-18.)

## LEGAL STANDARD

"When a defendant moves for dismissal under Rule 12(b)(1) as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined."  *216 E. 29th St. Tr. v. City of New York*, No. 25-465-CV, 2025 WL 3264312, at *2 (2d Cir. Nov. 24, 2025) (summary order) (cleaned up).

---

[1] The City also seeks dismissal of the Amended Complaint on the grounds that (1) Plaintiff's claims are time-barred, (2) he is precluded from relitigating issues that were adjudicated in the prior Housing Court proceedings, and (3) his procedural due process claim fails as a matter of law.  (City Mem. at 13-16, 18-22.)  These claims need not be addressed because, as discussed below, the Amended Complaint warrants dismissal under Rule 12(b)(6) for failure to state a claim.

I.      **Rule 12(b)(1) Standard**

"A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff opposing a motion to dismiss for lack of subject matter jurisdiction "has the burden of proving by a preponderance of the evidence that it exists." *Id.* In evaluating whether a plaintiff has met that burden, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff . . . but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).

"In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings," *Makarova*, 201 F.3d at 113, including state court records. *See White v. White*, No. 12-CV-200 (GBD)(JLC), 2012 WL 3041660, at *9 (S.D.N.Y. July 20, 2012), *R&R adopted*, 2013 WL 1340145 (S.D.N.Y. Mar. 28, 2013).

II.     **Rule 12(b)(6) Standard**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .").

4

"When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Matters of public record, including state court decisions, may also be considered. *See Williams v. New York City Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020) (summary order).

## **DISCUSSION**

### I.      **Whether Dismissal under Rule 12(b)(1) is Warranted**

The City argues that the Amended Complaint should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. (City Mem. at 11-13.)

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (per curiam). "The doctrine is rooted in the principle that 'appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the U.S. Supreme] Court.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283 (2005)). The doctrine bars federal district courts from exercising subject matter jurisdiction where: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Vossbrinck*, 773 F.3d at 426 (cleaned up).

In this case, the first and fourth requirements are clearly satisfied. Plaintiff lost in the Housing Court action, and the Housing Court Judgment was entered before Plaintiff commenced

this action. Thus, application of the *Rooker-Feldman* doctrine depends on whether the second and third requirements are met.

"[T]he second requirement—that the plaintiff complains of an injury caused by a state-court judgment—is the core requirement from which the other *Rooker-Feldman* requirements derive." *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018) (alterations omitted).

The gravamen of the Amended Complaint is that "the City's applicable rules and regulations (including, without limitation, Subchapter 5 of the Housing Maintenance Code of the City of New York) fail[ed] to afford property owners (such as Plaintiff) the requisite due process . . . ." (Am. Compl. ¶ 16.) Plaintiff, thus, complains of injuries arising from the City's system of rules and regulations, not injuries caused by the Housing Court Judgment. (*See, e.g.*, Am. Compl. ¶¶ 26-27, 33-34; *see also* Pl. Opp. at 11 ("Plaintiff is not inviting this Court to review and reject the Housing Court's Judgment . . . .").) Accordingly, I find that the second requirement is not met, and the *Rooker-Feldman* doctrine does not deprive the Court of subject matter jurisdiction over Plaintiff's claims in this action.

## II.     Whether Dismissal under Rule 12(b)(6) is Warranted

"A municipality can only be held liable for a violation under § 1983, known as *Monell* liability, if its 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Biton v. City of N.Y.*, 416 F. Supp. 3d 244, 247 (E.D.N.Y. 2018) (quoting *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978)). Thus, a plaintiff seeking to hold a municipality liable under § 1983 must show: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 140 (2d Cir. 2010). "[I]n the absence of an underlying constitutional violation . . . there is no municipal liability under *Monell*." *Fappiano v. City of N.Y.*, 640 F. App'x 115, 121 (2d Cir. 2016) (summary order).

6

Plaintiff alleges that the City is liable under § 1983 because it denied him due process "by imposing approximately $900,000 of liens against the Building without having first provided Plaintiff with either: (a) notice that the [Administrator] was accruing charges or fees . . . *prior* to any monies being loaned by the HPD to the [Administrator] . . . or (b) an opportunity for a hearing . . . *prior* to any monies being loaned by the HPD to the [Administrator] . . . ." (Am. Compl. ¶¶ 26, 33) (emphasis in original).

Where a state court appoints and authorizes an administrator pursuant to Article 7A of the RPAPL to obtain loans from the HPD and make necessary repairs and renovations to a property, due process entitles the property owner to "some pre-deprivation procedural protection" before the loans are issued. *See Chase Grp. All. LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010). In such a case, "due process requires no more than notice and an opportunity for the owner to contest the overall legitimacy of the need for the proposed repairs and renovations and the reasonableness of the amounts to be borrowed." *Id.* at 151. The Second Circuit found that the housing court order in *Chase*, which required notice and a court hearing where property owners could contest HPD's proposed loans, afforded sufficient pre-deprivation procedural protection. *Id.* at 153.

Even if a property owner is not afforded notice and an opportunity to be heard before an administrator borrows money from the HPD to make repairs and renovations, however, "such an error does not itself become a due process violation to be remedied in a Section 1983 action." *See id.* at 152. "So long as state appellate remedies are available, a Section 1983 action is not an available vehicle for relief." *Id.* at 153; *see also McDarby v. Dinkins*, 907 F.2d 1334, 1337 (2d Cir. 1990) (dismissing plaintiff's § 1983 claim because plaintiff "could have brought a proceeding under Article 78 of the New York Civil Practice Law & Rules").

7

Here, the loans that Plaintiff complains of were issued pursuant to the Housing Court Judgment, which authorized the Administrator to borrow funds from the HPD for necessary repairs and authorized the HPD to, "in its sole discretion . . . determine whether to make any such loan and the amount and terms thereof . . . ." (Housing Court Judgment ¶ 6(f).)  Unlike the housing court order in *Chase*, the Housing Court Judgment did not require that Plaintiff be notified of or given an opportunity to contest the loans before the HPD issued them.

However, any deficiencies in the procedures by which the HPD issued loans to the Administrator are not attributable to the City's failure to codify such procedures in its rules and regulations.  Rather, the alleged procedural deficiency, to the extent there was any, was in the Housing Court Judgment which did not specify that notice and opportunity to be heard were required before the HPD could issue a loan.  The remedy for that was an appeal of the Housing Court Judgment to the Appellate Term, which Plaintiff initiated but never perfected.  (*See* Order of Dismissal.)  As long as state appellate procedures existed, Plaintiff cannot maintain a § 1983 action against the City.  *See Chase*, 620 F.3d at 153.

Accordingly, I respectfully recommend that Plaintiff's First and Second Causes of Action, which allege § 1983 claims based on the City's alleged violations of his federal and state due process rights, be dismissed for failure to state a claim upon which relief can be granted.

Because I find that Plaintiff does not have a substantive claim of right under § 1983, there is also no basis for the declaratory judgment sought in Plaintiff's Third Cause of Action.  *See KM Enters., Inc. v. McDonald*, No. 11-CV-5098 (ADS)(ETB), 2012 WL 4472010, at *19 (E.D.N.Y. Sept. 25, 2012) (upon finding "no independent substantive claim of a right" to relief under § 1983, dismissing declaratory judgment cause of action for failure to state a claim), *aff'd*, 518 F. App'x 12 (2d Cir. 2013).  Accordingly, I respectfully recommend that the Third Cause of Action be dismissed.

## CONCLUSION

Based on the foregoing, I respectfully recommend that the Motion be granted, and that the Amended Complaint be dismissed in its entirety.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
          February 24, 2026